UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSHUA LONG and MARYJANE LONG,

      Plaintiffs,

v.

WESTGATE RESORTS, LTD.,

      Defendant.

Case No. 6:24-cv-2112-ACC-NWH

**ORDER**

This cause comes before the Court on Defendant Westgate Resorts, Ltd.'s Motion for Sanctions (Doc. 29). Defendant seeks sanctions under 28 U.S.C. § 1927 and the Court's inherent power. (*See id.*). Plaintiffs Joshua and MaryJane Long filed an untimely Response in opposition, (Doc. 32), but the Court struck the Response for failure to comply with Federal Rule of Civil Procedure 11(a)'s signature requirement (Doc. 38). For the reasons set forth below, Defendant's Motion will be granted and Plaintiffs' counsel, Stephanie Parsons, will be referred to the Middle District of Florida's Grievance Committee.

**I.    BACKGROUND**

**A. The Instant Action**

This case arises out of Plaintiffs' timeshare purchase. On September 3, 2021, Plaintiffs signed a contract with Westgate Lakes, LLC[1] for the purchase of a

---

[1] Westgate Lakes, LLC is an affiliate of Defendant Westgate Resorts, Ltd. (Doc. 1).

timeshare interest (the "Contract"). (Doc. 1-2 ¶¶ 9, 13). The timeshare interest Plaintiffs purchased was at Westgate Lakes II, which is located at 10,000 Turkey Lake Road, Orlando, Florida 32819. (*Id.* ¶ 9). The Contract included an Arbitration Addendum whereby Plaintiffs agreed to settle any dispute—including a dispute over the enforceability of the Arbitration Addendum—in binding arbitration governed by the Federal Arbitration Act ("FAA"). (*Id.* at 9–11).

On October 17, 2024, Plaintiffs filed their Complaint[2] in the Ninth Judicial Circuit, in and for Orange County, Florida. (Doc. 1-1). Plaintiffs alleged a myriad of claims, including violations of the Real Estate Settlement Procedures Act ("RESPA"), the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank"), Florida statutes, and Florida common law. (*See id.*). Defendant removed the case to this Court. (Doc. 1). Three days after removing the case, Defendant moved to compel arbitration pursuant to the Arbitration Addendum. (Doc. 9).

Plaintiffs responded in opposition the same day.[3] (Doc. 10). Notwithstanding the plain language of the Arbitration Addendum, which required disputes as to the

---

[2] Plaintiffs' Complaint was created from a "template" that Plaintiffs' counsel, Stephanie Parsons, uses for all the complaints she files against timeshare entities. (Doc. 46). Ms. Parsons explained that she "was under the impression that these complaints that [she] was presented with as templates were valid, were effective, were used in the past by other attorneys" at her law firm, the Timeshare Law Firm. (*Id.*).

[3] Plaintiffs' counsel, however, did not timely file a disclosure statement as ordered by the Court pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 3.03. (Doc. 18). Plaintiffs' counsel filed the disclosure statement after the Court issued an order to show cause. (*Id.*; Doc. 21).

Arbitration Addendum's enforceability to be settled by arbitration, Plaintiffs argued that the Arbitration Addendum was invalid and unenforceable. (*Id.*) Plaintiffs did not cite any cases or other authority for this proposition. (*Id.*). Consequently, on December 23, 2024, the Court granted Defendant's motion to compel arbitration. (Doc. 24). The Court also ordered Defendant to submit a status report on April 1, 2025, and every three months thereafter. (*Id.*).

On April 1, 2025, Defendant submitted its status report. (Doc. 25). Defendant explained in the status report that Plaintiffs had not initiated arbitration. (*Id.*). The Court thus ordered Plaintiffs to show cause within fourteen days why the case should not be dismissed for lack of prosecution (the "OTSC"). (Doc. 26). Plaintiffs did not respond to the Court's OTSC, and on May 16, 2025, the Court dismissed the case without prejudice. (Doc. 27).

On May 30, 2025, Defendant filed its Motion for Sanctions (the "Motion"). (Doc. 29). Defendant contends that "[t]he Complaint in this case should have never been filed" because "[e]ven a superficial investigation would have shown that the Plaintiffs signed [the Arbitration Addendum] and agreed to settle any dispute in binding arbitration governed by the FAA." (*Id.* at 1–2). Defendant also underscores that Plaintiffs frivolously opposed its motion to compel arbitration and then, after arbitration was ordered by the Court, refused to initiate arbitration or respond to the Court's OTSC. (*Id.* at 2). Defendant therefore argues that "Plaintiffs' dilatory and vexatious conduct [] unnecessarily multiplied these proceedings" and is sanctionable

- 3 -

under 28 U.S.C. § 1927 and the Court's inherent power. (*Id.* at 1–2). Defendant specifically seeks sanctions against Plaintiffs' counsel, Stephanie Parsons, and law firm, the Timeshare Law Firm. (*Id.* at 2).

On July 21, 2025, the Court held a hearing on Defendant's Motion (the "Hearing"). (*See* Docs. 33, 45). The Court ordered Ms. Parsons and someone who could represent the Timeshare Law Firm's interests to attend the Hearing.[4] (Doc. 35). Jillian Rice attended the Hearing on behalf of the Timeshare Law Firm. (*See* Doc. 45). At the Hearing, Defendant's counsel recounted the multitudes of mistakes and misconduct committed by Ms. Parsons and the Timeshare Law Firm, much of which is described in this Order. (*See* Doc. 46). Defendant's counsel reiterated that Plaintiffs' Response to its Motion, which the Court struck, was a copy-and-paste job from an opposition to a Rule 11 motion filed in another case. (*Id.*; *see* Doc. 34 at 4 ("[T]he Opposition [] is a copy and paste of the same document The Timeshare Law Firm has utilized, at least, three (3) times now, with little variation."); Doc. 34-1). Importantly, Defendant's Motion is not for Rule 11 sanctions. (*See* Doc. 29).

Ms. Parsons apologized "for any unnecessary litigation" and emphasized that she was just "going by [her] marching orders" from the Timeshare Law Firm. (Doc. 46). Ms. Parsons also told the Court that arbitration in this case (as well as in her other cases) had not been initiated because the Timeshare Law Firm lacked the

---

[4] Ms. Parsons resigned from the Timeshare Law Firm prior to the hearing. (Doc. 32 at 2).

requisite funds—despite choosing to file the case. (*Id.*). The Court was unmoved by Ms. Parsons' excuse, particularly when considered with the fact that Ms. Parsons chose not to respond to the OTSC where she could have offered the very same excuse.

Based on a review of the docket, Defendant's Motion, and the Hearing, the Court found that "sanctions are clearly in order." (*Id.*). The Court instructed Defendant's counsel to speak with Ms. Rice and to "file a motion for attorneys' fees based upon [the Court's] oral order." (*Id.*).

### B. The Timeshare Law Firm's Other Actions

#### i. Brief Overview of Cases in the Middle District of Florida

The instant action is not the only action of its kind that Ms. Parsons and the Timeshare Law Firm have within the Middle District of Florida. It is not even one of a few. Between October 7, 2024, and May 16, 2025, at least thirty-nine nearly identical complaints were removed in the Middle District involving plaintiffs represented by Ms. Parsons and the Timeshare Law Firm (the "Timeshare Cases"). *See, e.g.*, *Rishoi v. Marriot Vacations Worldwide, Inc.*, No. 6:24-cv-1813-PGB-DCI (M.D. Fla. Oct. 7, 2024); *Herman v. Sapphire Resorts*, No. 8:25-cv-534-KKM-SPF (M.D. Fla. Mar. 5, 2025); *Darger v. Travel + Leisure, Inc.*, No. 6:25-cv-858-PGB-RMN (M.D. Fla. May 16, 2025). Among these thirty-nine cases, six motions for sanctions have been filed. *See* (Doc. 29 (the Motion in the instant action)); *Smith v. Westgate Resorts, Ltd.*, No. 6:25-cv-189-JA-LHP (M.D. Fla. Mar. 14, 2025) (a

motion for Rule 11 sanctions); *Lapilio-Schultz v. Westgate Resorts, Ltd.*, No. 6:25-cv-126-CEM-DCI (M.D. Fla. Mar. 24, 2025) (same); *Cole v. Westgate Resorts, Ltd.*, No. 6:24-cv-01852-PGB-LHP (M.D. Fla. Mar. 19, 2025) (same); *Brewer v. Capital Resorts Grp.*, No. 8:25-cv-461-CEH-AEP (M.D. Fla. May 6, 2025) (same); *McCorquodale v. Capital Resorts Grp., LLC*, No. 8:25-cv-504-VMC-AEP (M.D. Fla. Apr. 16, 2025) (a motion for sanctions under 28 U.S.C. 1927 and the court's inherent power). Each motion complains of similar misconduct.

The defendant Westgate Resort's motion[5] in *Smith* summarizes the broader issue with these actions:

> This case is just one of over sixty (60) frivolous, often time-barred, cookiecutter lawsuits that [Ms. Parsons], or her firm, The Timeshare Law Firm, has filed, which are devoid of merit and demonstrate a blatant disregard for Rule 11's requirement of a reasonable pre-suit investigation. These cases, most of which are identical in their fraud-based allegations, involve different timeshare companies selling different timeshare products at different times to different purchasers. Rather than adequately investigating claims, as Rule 11 requires, The Timeshare Law Firm employs a one-size-fits-all approach to fraud-based litigation, which results in anomalous, often nonsensical, and in many instances plainly false allegations and claims that would not have been asserted had an appropriate pre-suit investigation—into both the facts and the law—been conducted.

6:25-cv-00189-JA-LHP (M.D. Fla. Mar. 14, 2025). Judge Antoon held a hearing on Westgate Resorts' Rule 11 motion. *Smith*, No. 6:25-cv-189-JA-LHP (M.D. Fla. Apr. 22, 2025). At the hearing, Ms. Parsons agreed that although she included a count in the plaintiffs' complaint for concealment of an arbitration clause, the plaintiffs' timeshare purchase agreement did not include an arbitration clause. *Smith*, No. 6:25-

---

[5] Westgate Resorts, Ltd. is the defendant in both *Smith* and the instant action.

cv-189-JA-LHP, at 34 (M.D. Fla. May 1, 2025). Ms. Parsons also agreed that the Dodd-Frank claim should be dismissed because the plaintiffs were not whistleblowers. *Id.* at 25. Yet, when asked why she did not amend the plaintiffs' complaint after being served Rule 11 sanctions, Ms. Parsons admitted she was unaware that she was able to amend the complaint during the safe harbor period. *Id.* at 63.

Sometime after the hearing, Ms. Parsons resigned from the Timeshare Law Firm. She has since made attempts to withdraw from many of the Timeshare Cases. *See, e.g.*, *Ola v. Sheraton Flex Vacations, LLC*, No. 6:24-cv-1905-ACC-LHP (M.D. Fla. July 3, 2025). The Timeshare Law Firm has hired two new Florida-barred attorneys to replace her: Ms. Rice[6] and Duane Henry. (Docs. 40, 46).

### ii. Summary of the Five Other Timeshare Cases before this Court

In addition to the instant action, this Court has five other Timeshare Cases. The Court has dealt with substantially similar mistakes, oversights, omissions, and misconduct in each of the five additional Timeshare Cases as in the instant action and in other cases within the Middle District.

In *Holzworth v. Hilton Grand Vacations, Inc.*, the plaintiff's original complaint alleged, among other things, violations of RESPA, Dodd-Frank, New

---

[6] Ms. Rice informed the Court at the Hearing that she believes Ms. Parsons affixed Ms. Rice's signature to joint stipulations for substitution of counsel without her consent. The only joint stipulation for substitution of counsel with Ms. Rice signature in a case before this Court is in *Palmero v. Marriot Vacations Worldwide Corp.*, No. 6:25-cv-777-ACC-LHP (M.D. Fla. July 7, 2025). The Court denied the motion. *Id.*

- 7 -

York statutes, and fraudulent concealment of an arbitration clause. No. 6:24-cv-2298-ACC-UAM (M.D. Fla. Dec. 17, 2024). The Court dismissed the plaintiff's original complaint for insufficient service of process with leave to file an amended complaint within fourteen days of the dismissal order; the dismissal order also pointed out that several claims were time-barred or based on non-existent contractual clauses. *Holzworth*, No. 6:24-cv-2298-ACC-UAM, at 3, 6 (M.D. Fla. Feb 20, 2025). The Court warned the plaintiff's counsel[7] to "be mindful of its duty to conduct an adequate pre-suit inquiry under Federal Rule of Civil Procedure 11" and "[f]ailure to do so may result in future sanctions by this Court." *Id.* at 5 n. 7.

Ms. Parsons subsequently filed an untimely amended complaint. *Holzworth*, No. 6:24-cv-2298-ACC-UAM (M.D. Fla. Mar. 6, 2025). The Court observed that the amended complaint failed to correct the deficiencies pointed out in the Court's prior dismissal order. *Holzworth*, No. 6:24-cv-2298-ACC-UAM, at 2–3 (M.D. Fla. Mar. 20, 2025). For example, the amended complaint realleged claims based on a non-existent arbitration clause. *Id.* at 3. The Court ultimately struck the amended complaint but suggested Ms. Parsons file a motion for extension of time to file an amended complaint. *Id.* at 4. The Court further ordered Ms. Parsons, before filing an amended complaint, to certify to the Court that she read the dismissal order and has read Federal Rule of Civil Procedure 11 and understands her duty to conduct an

---

[7] Ms. Parsons did not file the original complaint, but she did file all subsequent papers.

adequate pre-suit inquiry. *Id.* Ms. Parsons did not file a motion for extension of time or respond to the Court's ensuing order to show cause. The Court therefore dismissed the case for lack of prosecution. *Holzworth*, No. 6:24-cv-2298-ACC-UAM (M.D. Fla. Apr. 28, 2025).

The *Holzworth* case was not the only case before this Court to end in a dismissal for lack of prosecution. In *Eckert v. Hilton Grand Vacations, Inc.*, the Court dismissed the case for lack of prosecution because the plaintiffs did not initiate arbitration as ordered, and Ms. Parsons failed to respond to the corresponding order to show cause. No. 6:25-cv-294-ACC-DCI (M.D. Fla. July 10, 2025). Similarly, in *Ola*, the Court dismissed the case for lack of prosecution after the plaintiffs responded to an order to show cause related to uninitiated arbitration. No. 6:24-cv-1905-ACC-LHP (M.D. Fla. July 22, 2025). The Court concluded that the response[8] to the order to show cause did "not demonstrate[] due diligence or just cause for their almost eight-month delay in initiating arbitration," which had still not been initiated at the time of the dismissal. *Id.*

In addition to lack of prosecution, the Court has also dismissed complaints filed by Ms. Parsons for failure to state a claim. In *Palmero v. Marriot Vacations*

---

[8] Incredibly, hours before Ms. Parsons filed this response, the Court, at the Hearing in the instant action, specifically addressed with Ms. Parsons the need to comply with Rule 11(a)'s signature and telephone number requirements. Less than two weeks before the Hearing, the Court struck Plaintiffs' Response to Defendant's Motion for Sanctions because Ms. Parsons did not sign it. (Doc. 38). Nonetheless, for reasons only known to her, Ms. Parsons did not sign this response or include her telephone number. *See Ola*, No. 6:24-cv-1905-ACC-LHP (M.D. Fla. July 21, 2025).

*Worldwide Corp.*, the Court dismissed the plaintiffs' complaint for three primary reasons. No. 6:25-cv-777-ACC-LHP (M.D. Fla. June 19, 2025). First, the Court found that Marriot Vacations Worldwide was not the proper defendant. *Id.* at 7. Second, the Court found that the plaintiffs' RESPA claim fails because the "allegations are based only upon Marriott failing to explain RESPA to them, which is not actionable;" the Court found that the plaintiffs' Dodd-Frank claim fails because the plaintiffs did not "allege that they are whistleblowers—a requirement for a Dodd-Frank claim." *Id.* at 8–9. Third, as many other courts ruling on a motion to dismiss in a Timeshare Case have found, this Court found that the plaintiffs' claims based on the concealment of an arbitration clause fail because the contracts did not contain arbitration clauses. *Id.* at 9.

For the same reason as in *Palmero*, the Court found that the plaintiffs in *Smith v. Hilton Grand Vacations, Inc.*, failed to state a RESPA claim in their amended complaint. No. 6:25-cv-218-ACC-NWH (M.D. Fla. June 30, 2025). The amended complaint did not contain a Dodd-Frank claim. Because the remainder of the claims in the amended complaint were state law claims, the Court remanded the remainder of the case. *Id.* at 10.

## II.   LEGAL STANDARD

"Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28

U.S.C. § 1927. The plain language of the statute imposes three essential requirements:

> First, the attorney must engage in "unreasonable and vexatious" conduct. Second, that "unreasonable and vexatious" conduct must be conduct that "multiplies the proceedings." Finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, *i.e.*, the sanction may not exceed the "costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

*Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007) (quoting *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997)).

In the Eleventh Circuit, an attorney's conduct is unreasonable and vexatious "when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" *Id.* (quoting *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991)). "[§ 1927] is not a 'catch all' provision designed to serve as a basis for sanctioning any and all attorney conduct courts want to discourage." *Peterson*, 124 F.3d at 1396. "[N]egligent conduct, standing alone, will not support a finding of bad faith." *Amlong & Amlong, P.A.*, 500 F.3d at 1241–42. Instead, "the attorney must knowingly or recklessly pursue a frivolous claim or needlessly obstruct the litigation of a non-frivolous claim." *Id.* at 1242.

Like sanctions under § 1927, sanctions under the Court's inherent power require bad faith. *Id.* at 1251. Sanctions under the Court's inherent power, however, require a finding of *subjective* bad faith. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223–24 (11th Cir. 2017). "[I]n the absence of direct evidence of subjective bad faith, this standard can be met if an attorney's conduct is

so egregious that it could only be committed in bad faith." *Id.* at 1224–25. "Courts considering whether to impose sanctions under their inherent power should look for disobedience and be guided by the purpose of vindicating judicial authority." *Id.* at 1225. Courts are also encouraged to look to the guidance of the Supreme Court in *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). *Id.*

### III.   DISCUSSION

**A. Sanctions under 28 U.S.C. § 1927**

Defendant argues that sanctions are warranted under § 1927 primarily because the opposition to Defendant's motion to compel arbitration was frivolous. (Doc. 29 at 7–9). But Defendant also highlights the frequency with which Ms. Parsons and the Timeshare Law Firm ignore the orders and rules of this Court and other courts throughout the Middle District. (*Id.* at 9–13). In fact, Defendant's Motion is treated as unopposed because Ms. Parsons disregarded Middle District of Florida Local Rule 3.01(c), which allots fourteen days to respond, and Federal Rule of Civil Procedure 11(a), which requires all papers to be signed by the attorney of record. (Doc. 38).

Ms. Parsons' conduct in the instant action was unreasonable and vexatious. Despite a clear Arbitration Addendum, Ms. Parsons informed Defendant's counsel that Plaintiffs would not agree to arbitrate. (*See* Doc. 1-2 at 10 (requiring all disputes, including disputes over the enforceability of the Arbitration Addendum, to be resolved in binding arbitration); Doc. 9 at 15 (Local Rule 3.01(g) Certification)). Ms.

Parsons either failed to conduct an adequate pre-suit inquiry (*i.e.*, read the Contract and Arbitration Addendum) or willfully chose to defend a frivolous position. *See* Fed. R. Civ. P. 11(b)(2)–(3); R. Regulating Fla. Bar 4-1.1, 4-1.3, 4-3.1. Ms. Parsons' decision to oppose arbitration[9] was therefore at least reckless and tantamount to bad faith. *See Amlong & Amlong, P.A.*, 500 F.3d at 1242.

Likewise, Ms. Parsons' conduct multiplied the proceedings. Defendants were forced to file a motion to compel arbitration, which Ms. Parsons opposed without any authority to support her position and without any citations to caselaw. (*See* Doc. 10). The Court ruled on the motion to compel, but Ms. Parsons still did not initiate arbitration on behalf of Plaintiffs. (*See* Docs. 24, 25). Ms. Parsons's inaction necessitated an order to show cause and an order of dismissal. (Docs. 26, 27). Accordingly, sanctions against Ms. Parsons and the Timeshare Law Firm are warranted under § 1927 for "the excess costs that the attorney's multiplication of proceedings has added to the cost of the litigation." *Amlong & Amlong, P.A.*, 500 F.3d at 1242.

**B. Sanctions under the Court's Inherent Power**

Defendant argues that sanctions are also warranted under the Court's inherent power for Ms. Parsons and the Timeshare Law Firm's bad faith litigation conduct.

---

[9] Evidentially, Ms. Parsons eventually learned to stop opposing arbitration in Timeshare Cases that included an arbitration clause. *Compare Ola*, No. 6:24-cv-1905-ACC-LHP (M.D. Fla. Nov. 22, 2024) (response in opposition of the defendant's motion to compel arbitration), *with Eckert*, No. 6:25-cv-294-ACC-DCI (M.D. Fla. Feb. 26, 2025) (stipulation to arbitrate claims).

(Doc. 29 at 14). Although Defendant does not proffer direct evidence of Ms. Parsons' or the Timeshare Law Firm's subjective bad faith, their conduct throughout the case was "so egregious that it could only be committed in bad faith"—especially when considered in light of the thirty-eight other Timeshare Cases. *See Purchasing Power, LLC*, 851 F.3d at 1224–25. For example, the Timeshare Law Firm uses a "template" complaint. (Doc. 46). Ms. Parsons seemingly then fills in the new plaintiff's information and files the complaint. (*Id.*); *Smith*, No. 6:25-cv-189-JA-LHP, at 67–68 (M.D. Fla. May 1, 2025). The counts within the template complaint typically remain unchanged, regardless of the particular plaintiff's contract and circumstances. *See Smith*, No. 6:25-cv-189-JA-LHP, at 67–68 (M.D. Fla. May 1, 2025).

Moreover, Ms. Parsons and the Timeshare Law Firm regularly ignore court orders and deadlines. Ms. Parsons only filed Plaintiffs' disclosure statement after the Court issued an order to show cause. (Docs. 18, 21). Ms. Parsons failed to initiate arbitration after the Court granted Defendant's motion to compel arbitration. (Doc. 25). Ms. Parsons ignored the Court's subsequent order to show cause, and the case was dismissed for lack of prosecution. (Docs. 26, 27). Even regarding the subject Motion, Ms. Parsons filed the Response fourteen days late. (Docs. 32, 38). Worse even, the Response was essentially copied and pasted from a response to a Rule 11 motion for sanctions. (Doc. 34-1). The mishandling of this case from beginning to end was so egregious that it can only be considered bad faith.

Unlike under § 1927, sanctions under the Court's inherent power are not limited to the costs added by the multiplication of proceedings. *See Chambers*, 501 U.S. at 56–57. The Court can require the bad faith actors to pay for all the opposing party's attorneys' fees. *Id.* at 57 (affirming the district court's decision to award the full amount of attorneys' fees because of "the frequency and severity of Chambers' abuses of the judicial system and the resulting need to ensure that such abuses were not repeated"). Accordingly, Ms. Parsons and the Timeshare Law Firm's continued abuse of the judicial system in the Middle District warrants sanctions under the inherent power of the Court.

Based on the foregoing, it is ordered as follows:

1. Defendant Westgate Resorts, Ltd.'s Motion for Sanctions (Doc. 29) is **GRANTED**. Defendant is entitled to attorneys' fees from the Timeshare Law Firm and Attorney Stephanie Parsons.

2. Defendant is **ORDERED** to file a motion for attorneys' fees within 14 days of this Order.

3. Attorney Stephanie Parsons is **REFERRED** to the Grievance Committee of the Middle District of Florida for an evaluation as to whether her conduct in the Timeshare Cases warrants further sanctions.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on July 28, 2025.

/s/ Anne C. Conway
Anne C. Conway
United States District Judge

Copies furnished to:
Counsel of Record
Tom Sommerville, Chair of the Grievance Committee for the Middle District of Florida, Orlando Division